# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE L. WASHINGTON | ) | CASE NO. 5:21-cv-2003 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Jimmie L. Washington ("Washington") filed this civil rights action against the State of Ohio, the Akron Police Department, and the "Akron Prosecuting Attorney" (collectively "defendants"). (Doc. No. 1 (Complaint).)  For the following reasons, this action is dismissed.

## I. BACKGROUND

Washington's brief complaint contains very few factual allegations. As best the Court can discern, Washington's complaint concerns his arrest on September 21, 2021, and his subsequent indictment on September 28, 2021, for having weapons under disability. He states that he was arrested by the Akron Police Department "after voluntarily apprising them" that he possessed a firearm. Washington claims that an indictment was returned, charging him with having weapons under disability, despite his immunity from prosecution under Ohio Rev. Code § 2923.23. (*Id.* at

1.[1]) He alleges that these actions violated his due process and equal protection rights as he was subjected to "false arrest and illegal detainment." (*Id.*)

The complaint includes the following requests for relief: $850,000 from the Akron Police Department "for false arrest"; $850,000 "from the Summit County Grand Jury for using a sham legal process"; and $850,000 "from the Summit County Prosecuting Office for malicious prosecution and illegal detainment." (*Id.* at 1–2.)

## II. STANDARD OF REVIEW

Washington filed an application to proceed *in forma pauperis* (Doc. No. 2). That application is granted.

Because Washington is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under §

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

### III. LAW AND ANALYSIS

Liberally construing the complaint, Washington brings his civil rights claim under 42 U.S.C. § 1983. Washington appears to allege that the defendants violated his constitutional rights

to due process and equal protection when he was falsely arrested and indicted for having weapons under disability.

To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Washington's claim under § 1983 is unavailing.

As an initial matter, Washington cannot maintain a civil rights action against the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). A State may not be sued in federal court unless it has consented to such a suit or its Eleventh Amendment immunity has been properly abrogated by Congress. Neither of these situations applies here.

The prosecutor also enjoys immunity in this action. Prosecutors are absolutely immune from liability under § 1983 for their conduct in "'initiating a prosecution and in presenting the State's case[.]'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). So long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for allegedly deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a

campaign promise to be tough on child abuse). Prosecutorial functions include participation in probable cause hearings, grand jury hearings, pretrial proceedings, witness preparation, and trials. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

Here, Washington alleges that the "Akron Prosecuting Attorney" contributed in some manner to the grand jury proceedings that ultimately resulted in his indictment for having weapons under disability. A prosecutor's involvement in grand jury proceedings is a typical prosecutorial function for which he or she is immune. This immunity applies even if the prosecutor acted in bad faith. *Imbler*, 424 U.S. at 427 & n.27, 431 & n.34; *Grant*, 870 F.2d at 1139.

Additionally, Washington's claims against the Akron Police Department also fail. It is well settled that police departments are not sui juris, meaning they are not separate legal entities under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued") (citations omitted); *Taylor v. Ross*, No. 1:21-cv-600, 2021 WL 3930366, at *2 (N.D. Ohio Sep. 2, 2021) (finding Akron Police Department not sui juris). Rather, they are merely sub-units of the municipalities they serve (in this case the City of Akron) and they do not have a separate legal existence. *See Deir v. Lake Cnty.*, No. 1:12-cv-110, 2012 WL 1142467, at *3 (N.D. Ohio Apr. 4, 2012) (internal citations omitted); *see Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases).

Even if the claims against the Akron Police Department could be liberally construed as asserted against the City of Akron, the claims against this defendant would be dismissed. Local governments generally may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by

employees or agents under a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Here, Washington has not pleaded any facts suggesting a policy or custom of the City of Akron that may have caused a constitutional deprivation. He therefore fails to state a plausible claim against the Akron Police Department or the City of Akron.

Even if this action were not subject to dismissal as noted above, Washington's claim that he was entitled to immunity from prosecution because he voluntarily advised police that he possessed a weapon and therefore had a defense to the offense of having weapons under disability, alone, does not state a federal constitutional claim. The Constitution does not guarantee that only the guilty will be arrested or charged in a criminal complaint. *Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). "If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Id.*

Finally, to the extent Washington alleges false imprisonment, malicious prosecution, or sham legal process, the complaint fails to contain any facts to support such claims. Rather, the complaint includes conclusory allegations that he was "subjected to false arrest and illegal detainment." And the only reference to malicious prosecution and sham legal process is included

in Washington's request for relief. Such statements fail to satisfy the *Iqbal/Twombly* standard. *See Kurek v. Ohio Dept. of Dev. Disabilities*, No. 3:16-cv-623, 2017 WL 1555930, at *6 (N.D. Ohio Jan. 20, 2017). Washington's purported claims are nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" and therefore fail to state a plausible claim. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 4, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**