# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE L. WASHINGTON, | ) | CASE NO. 5:21-cv-2003 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF OHIO, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are two motions filed by *pro se* plaintiff Jimmie L. Washington ("Washington"): (1) a motion, pursuant to Fed. R. Civ. P. 60(b), for relief from judgment (Doc. No. 7); and (2) a motion, pursuant to Fed. R. Civ. P. 15(a), to amend the complaint (Doc. No. 9). For the reasons stated below, both motions are denied.

Washington filed this civil rights action against defendants, the State of Ohio, the Akron Police Department, and the "Akron Prosecuting Attorney," alleging that defendants violated his constitutional rights when they arrested and charged him in state court with possessing a weapon under a disability after he had "voluntarily app[rised]" the police "that [he] had a firearm[.]" (Doc. No. 1 (Complaint), at 1.) He also attempted to raise state law claims for false arrest and illegal detainment. (*Id.*) Washington did not pay the filing fee and, instead, sought leave to proceed *In Forma Pauperis*. (Doc. No. 2 (Application).)

On March 4, 2022, the Court granted Washington's application to proceed *In Forma Pauperis* and dismissed the action under 28 U.S.C. § 1915(e). (Doc. No. 3 (Memorandum Opinion and Order); Doc. No. 4 (Judgment Entry).) As part of its initial screening, the Court determined

that the Eleventh Amendment barred any action against the State; the prosecutor enjoyed immunity, the police department was not *sui juris*, and the complaint failed to state a claim against the City of Akron; and Washington's state claims were comprised entirely of conclusory allegations that failed to state a right to relief. (Doc. No. 3, at 4–7.) Additionally, with respect to Washington's allegations that he should not have been prosecuted because he voluntarily advised the police that he possessed a weapon, the Court found that the mere existence of a possible defense to the underlying criminal charge did not state the deprivation of a federal constitutional claim. (*Id.* at 6 (citing *Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) (noting that the Constitution does not guarantee that only the guilty will be arrested or charged in a criminal complaint)).

## I.      Motion for Relief from Judgment (Rule 60(b)(6))

Washington has now filed a motion for relief from judgment under Rule 60(b)(6).[1] Rule 60(b) permits a district court to grant a motion for relief from judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

---

[1] Washington filed his motion more than one year after the Court entered its judgment dismissing his claims. While Rule 60(b)(6) contains no strict filing period, motions filed under this subsection "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Whether a motion for post-judgment relief has been filed within a "reasonable" time depends upon the facts of a given case "including the length and the circumstances of the delay . . . and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citation omitted). Washington claims that he "was never served with notice of the judgment of dismissal." (Doc. No. 7, at 1.) It does appear from the docket that repeated, unsuccessful efforts were made by the Clerk of Courts to serve Washington with a copy of the Court's order of dismissal. Given this difficulty, and in the absence of any evidence that Washington unreasonably delayed in filing his motion, the Court concludes that the motion is timely.

other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) does not permit parties to relitigate the merits of claims, or raise new claims that could have been raised during the litigation of the case or in the initial Complaint. *See Abdur'Rahman v. Bell*, 392 F.3d 174, 179–80 (6th Cir. 2004) (overruled on other grounds). It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. *Jinks v. AlliedSignal Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citations omitted).

Washington relies on the catchall provision, (b)(6), allowing the Court to grant relief from judgment based on any other reason justifying relief. Relief from judgment under Rule 60(b)(6) is available only in exceptional or extraordinary circumstances. *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2003) (citation omitted); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001) (alterations omitted)).

Washington has not demonstrated an exceptional or extraordinary circumstance justifying

relief from judgment. In his motion, he argues that in November 2021, he advised the State of Ohio that he was immune from prosecution under Ohio Rev. Code § 2923.23 because he had previously informed the arresting officers that he had a firearm in his backpack. (Doc. No. 7, at 2.) He further notes that in the related federal case, *United States v. Washington*, N.D. Ohio No. 5:21-cr-882, the presiding judge determined that Washington was not under arrest when he "told the officers that he possessed the firearm[.]"[2] *See United States v. Washington*, No. 5:21-cr-882, 2022 WL 4217513, at *3 (N.D. Ohio Sept. 13, 2022). As this Court determined on the initial screening under § 1915(e), the existence of a possible defense to a criminal charge does not render the resulting prosecution a violation of federal constitutional law. *See Baker*, 443 U.S. at 145. "If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Id.*

Washington also observes that "[p]ublic officials sued in their official capacities are not entitled to qualified or good faith immunity." (Doc. No. 7, at 2 (citing cases).) While this may constitute a correct statement of the law, it has no bearing on this case. The Court did not grant any of the defendants qualified immunity. Rather, the Court determined that the "Akron Prosecuting Attorney" was entitled to absolute immunity for his involvement in the grand jury proceedings. (Doc. No. 3, at 5 (citing, among authority, *Imbler v. Pachtman*, 424 U.S. 409, 427 & n.27, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). It also determined that Washington failed to plead facts that, if believed, would establish the existence of a policy or custom of the City of Akron that

---

[2] Specifically, in denying Washington's motion to vacate his federal sentence, Senior Judge Donald Nugent ruled that Washington's federal conviction under 18 U.S.C. § 922(g) was not obtained in violation of Washington's privilege against self-incrimination because Washington was not in custody at the time he made the statement to police, and, in any event, he waived the issue when he pleaded guilty to the charge in the indictment. *Id.* at *3. Judge Nugent did not find, however, that Washington was entitled to immunity from prosecution in state court under Ohio Rev. Code § 2923.23.

may have caused a constitutional deprivation, and that Washington's state claims were supported by mere conclusory allegations. (*Id*. at 6.) His Rule 60(b)(6) motion fails to address any of these deficiencies, and, likewise, fails to demonstrate the existence of exceptional or extraordinary circumstances warranting relief from judgment. Accordingly, his motion for relief from judgment is denied.

## II.     Motion to Amend (Rule 15(a))

Washington also seeks leave to amend his complaint, pursuant to Fed. R. Civ. P. 15(a). While leave to amend may be granted, even after a dismissal upon an initial screening under § 1915(e), "leave to amend should be denied if the amendment would be futile." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Although Washington does not attach to his motion a copy of his proposed amended complaint, it is apparent that he seeks leave to add two additional defendants: Alison McCarthy and Patricia Cosgrove. (*See* Doc. No. 9, at 1–2.) Judge McCarthy is a current member of the Summit County Court of Common Pleas and presided over Washington's state criminal case before it was dismissed without prejudice on December 7, 2021. (*See State of Ohio v. Jimmie L. Washington*, Summit Cty. Ct. Common Pl. Case No. CR-2021-3477-A, https://clerkweb.summitoh.net/RecordsSearch/CaseDetails.asp?CaseID=860626, last visited July 11, 2023.) Judge Cosgrove was a member of the Summit County Court of Common Pleas until she retired in 2011.[3] According to his motion, Washington seeks $10,500,00.00 from each judicial

---

[3] It is unclear from Washington's motion to amend what role, if any, retired Judge Cosgrove had in Washington's 2021 state court criminal action. For purposes of the present motion to amend, the Court will assume that Judge Cosgrove presided over some portion of the 2021 state court criminal case.

defendant. (Doc. No. 9, at 4–5.)

Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (collecting cases); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (collecting cases). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Barnes*, 105 F.3d at 1116 (citing *Mireles*, 502 U.S. at 11–12). Washington alleges no facts to show that either of these criteria has been met in this case.

The determination of whether an action is performed in the defendant's judicial capacity depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Looking first to the "nature" of the act, the Court must determine whether it is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. *Mirels*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the court to assess whether a party dealt with the judge in this capacity.

It is evident from the motion to amend that both judicial defendants were acting in their judicial capacities at all times that the conduct alleged by Washington occurred. Washington specifically states that both individuals "stripped [him] of [his] immunities" in connection with his

2021 criminal case in the Summit County Court of Common Pleas. (Doc. No. 9, at 2.) Further, he does not offer any facts that would establish that he had dealings with either individual outside their capacities as judicial officers. Washington cannot overcome the broad application of judicial immunity based on the asserted facts.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in the complete absence of *all* jurisdiction. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356–57. A judge cannot be deprived of immunity even if the taken action was erroneous, malicious, or in excess of her authority. *Id*. at 356. Actions taken in the complete absence of all jurisdiction are those acts which clearly fall outside the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see also Barnes*, 105 F.3d at 1122.

Washington's motion fails to point to any factual allegations that would suggest that either judicial officer clearly acted outside of the subject matter jurisdiction of a state trial court. Judges of the Summit County Court of Common Pleas, like all state trial court judges, have original jurisdiction to hear cases which assert violations of Ohio criminal law. To the extent Washington claims that either judicial officer incorrectly applied the law relative to statutory immunity, his allegations do not demonstrate that they acted outside their jurisdiction to adjudicate his criminal case.

Because the Court cannot find that any action these individuals took in relation to Washington's state criminal case was taken in a complete absence of jurisdiction, Judges McCarthy and Cosgrove are entitled to judicial immunity in this matter. Accordingly, any

7

amendment to the complaint to add these individuals as defendants would be futile, and the motion to amend is denied. *See Bishawi*, 628 F. App'x at 347 (citation omitted).

### III.     Conclusion

For the foregoing reasons, Washington's motion for relief from judgment (Doc. No. 7) and his motion to amend (Doc. No. 9) are DENIED. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 1, 2023

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT COURT
CHIEF JUDGE**