## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE L. WASHINGTON, | ) | CASE NO. 5:21-cv-2003 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

In 2021, *pro se* plaintiff Jimmie L. Washington ("Washington"), a federal prisoner, brought a civil rights action against the State of Ohio, the Akron Police Department, and the "Akron Prosecuting Attorney," challenging the constitutionality of his arrest for having weapons while under a disability. (Doc. No. 1 (Complaint).) The Court dismissed the action upon an initial screening, and, thereafter, denied Washington's motions for relief from judgment and to amend the complaint. Now before the Court is Washington's second motion, pursuant to Fed. R. Civ. P. 60(b), for relief from judgment (Doc. No. 14 (Second Rule 60(b) Motion)), and his second motion, pursuant to Fed. R. Civ. P. 15(a), to amend the complaint. (Doc. No. 13 (Second Motion to Amend).) For the reasons stated herein, both motions are denied.

The Court has now written on the issues raised in the present motions on several occasions, and familiarity with these prior decisions is presumed. (*See* Doc. Nos. 3, 10) The Court will only provide enough background and analysis to place the present motions in context and to illustrate why the present motions must be denied for many of the same reasons previously stated on the record in this case. The Court also writes to caution Washington regarding his duties as a litigant

in federal court.

On March 4, 2022, the Court issued a ruling dismissing this action upon an initial screening under 28 U.S.C. § 1915(e). (Doc. No. 3 (Order of Dismissal).) In particular, the Court ruled that the Eleventh Amendment prevented Washington from suing the State of Ohio, that the prosecutor assigned to Washington's state court case enjoyed absolute immunity, and that the Akron Police Department was not *suri juris*. (*Id*. at 3–5.[1]) Additionally, the Court found that, even if the complaint was generously construed as being brought against the City of Akron, it failed to state a claim for relief against this entity because the facts, if believed, did not demonstrate the existence of a city policy or custom that may have led to a constitutional violation. (*Id*. at 5–6.)

The Court mailed Washington a copy of its March 4, 2022 decision to the address previously provided by Washington, but it was returned to the Court marked "UTF-OUT." (Doc. No. 6 (Returned Mail).) After using the Federal Bureau of Prison's inmate locator tool, the Court obtained Washington's current address and remailed the Order. On March 25, 2022, the mailing was returned again, this time with a notation that the inmate was "out to court." (Doc. No. 6 (Returned Mail).)

On June 2, 2023, Washington filed a motion for relief from judgment. (Doc. No. 9 (Motion for Relief from Judgment).) Four days later (on June 6, 2023), Washington filed a Notice of Change of Address (Doc. No. 8 (Notice)) identifying a Tucson, Arizona address, and a post-judgment motion to amend the complaint. (Doc. No. 9 (Motion to Amend).) Despite the fact that both motions were filed more than one year after the Court's Order of Dismissal, the Court treated

---

[1] All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

the motions as timely and addressed them on the merits.[2] (Doc. No. 10 (Memorandum Opinion and Order).) In a decision dated August 1, 2023, the Court denied Washington's Rule 60(b) motion, finding it failed to satisfy any of the six enumerated reasons for reopening a case. (*Id.* at 2–5.) The Court also denied Washington's motion to amend because it failed to overcome the pleading deficiencies identified in the initial screening, and because the two newly added defendants—both state court judges—enjoyed absolute immunity. (*Id.* at 5–8.)

The Court mailed a copy of its August 1, 2023 decision to the Tucson, Arizona address listed on Washington's change of address notice. (*See* Docket Mailing Notation 8/2/2023.) On August 22, 2023, the mailing was returned marked "Return to Sender." (Doc. No. 11 (Returned Mail).) A second attempt to mail the decision to Washington was made, but the mailing was returned (once again) marked "Return to Sender." (Doc. No. 12 (Returned Mail).) The present motions were filed on October 16, 2024, more than 14 months after the Court denied Washington's first set of post-judgment motions and more than 2½ years after the Court issued its judgment. Appended to the motion to amend is a proposed amended complaint. (*See* Doc. No. 13-1 (Amended Complaint).) Both motions identify an Adelanto, California address for Washington. (Doc. No. 13, at 1; Doc. No. 14, at 1.)

A plaintiff who does not attempt to amend his complaint prior to entry of judgment under Rule 15(a), but instead waits until after the judgment of dismissal is entered to object on the basis of facts not original pled, must make the more difficult showing that the case should be reopened

---

[2] The Court could have called Washington to task in 2023 for failing to keep the Court apprised of his address. Instead, in an abundance of caution, and giving Washington every benefit of the doubt, the Court simply noted the difficulties associated with serving Washington with a copy of the Court's dismissal order and excused the tardiness of the post-judgment motions. (*See id.* at 2 n.1.)

3

under Rule 59 or Rule 60. *See Pond v. Haas*, 674 F. App'x 466, 472 (6th Cir. 2016) ("Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv*., 616 F.3d 612, 616 (6th Cir. 2010))). In addition to the traditional Fed. R. Civ. P. 15(a) factors of undue delay, bad faith, dilatory motive, undue prejudice, and futility, the district court must "also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Id.* at 473 (quotation marks and citation omitted). "This latter inquiry includes asking whether the claimant has made a 'compelling explanation' for failing to seek leave to amend prior to the entry of judgment." *Id.* (citations omitted).

At the outset, the Court finds that Washington's Rule 60(b) motion is untimely. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Where a significant period of time has passed between the entry of judgment and the request for relief from it, a Rule 60(b) motion will be deemed untimely. *See, e.g. Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (a Rule 60(b)(4) motion was untimely where it was filed over eleven months after judgment); *West v. Carpenter*, No. 3:01-cv-91, 2013 WL 5350627, at *5 (E.D. Tenn. Sept. 23, 2013) (finding untimely Rule 60(b) motion in death case where petition was filed "almost one year" after supreme court case).

Washington offers no reason, let alone a compelling explanation, for his substantial delay in filing the present motions. To the extent he could point to the fact that the Court was unable to serve him with a copy of its August 1, 2023 ruling, the fault lies with Washington. (*See, e.g*., Doc.

4

No. 7, at 1 ("As a threshold matter[,] the Plaintiff was never served with notice of the judgment of dismissal.")). *Pro se* litigants have the same obligation as an attorney to notify the court of a change of address. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see Barber v. Runyon*, 23 F.3d 406 (Table), 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citations omitted). The competing interest of protecting the finality of judgments and the expeditious termination of litigation weighs in favor of denying Washington's motions where any delay was the result of his own negligent conduct. *See, e.g., Markowitz v. Ynguanzo*, No. 2:17-cv-2782, 2019 WL 3804257, at *3 (W.D. Tenn. Aug. 12, 2019) (denying Rule 59(e) motion where delay resulted from plaintiff's failure to keep his address up to date with the court).

Even if the Court reached the merits of Washington's Rule 60(b) motion, it would be denied. Washington argues that the Court erred because it:

> did not allow service of the complaint upon the defendant[s], did not notify all parties of its intent to dismiss the complaint, did not give the Plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal because no notice was ever given, and did not give the defendants a chance to respond or file an answer to the complaint.

(Doc. No. 14, at 1–2.) Washington's motion fails to take into account the fact that the dismissal was upon an initial screening.

In cases where a plaintiff has been granted leave to proceed *in forma pauperis*, and in cases filed by prisoners, the Court is required to screen the complaint and dismiss the action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing 28 U.S.C. § 1915A(b)). As part of the screening process, the Court has the authority to dismiss a plaintiff's suit at any time

without prior notice for any of the reasons listed in § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

Here, the Court was required to screen Washington's complaint both because he is a prisoner and because he is proceeding *in forma pauperis*. *McGore*, 114 F.3d at 608 (discussing the district court's statutory obligation to screen prisoner complaints and those granted *in forma pauperis* status). And while Washington complains that the Court erred by failing to serve the complaint, its initial "screening must occur even before process is served or the individual has had an opportunity to amend the complaint." *Id*. at 608–09 (noting that the complaint should be examined "[t]he moment the complaint is filed"); *see also Odom v. Pheral*, No. 5:12-cv-P73, 2012 WL 3685347, at *1 (W.D. Ky. Aug. 27, 2012) (denying *pro se* prisoner's motion to issue and serve complaint "[b]ecause the Court must perform initial screening pursuant to statute prior to service of the complaint").

Because Washington's complaint was properly dismissed on a statutorily mandated initial screening, Washington's arguments relative to notice and service are baseless. Moreover, Washington has not otherwise demonstrated that he is entitled to a reopening of the judgment on any of the enumerated bases under Rule 60(b) and has failed to offer a compelling explanation for failing to assert any of his new allegations in his original complaint. Under these circumstances, the competing interest of protecting the finality of judgments and the expeditious termination of litigation dictate that Washington's latest installment of post-judgment motions be denied.[3]

---

[3] Even if the Court limited its review of the proposed amended complaint to the more liberal standard set forth in Rule 15(a), it would have found that justice does not require permitting the amendment. *See* Fed. R. Civ. P. 15(a)(2). Washington's proposed amended complaint fails to: (1) overcome the pleading deficiencies identified in prior decisions; offer factual allegations—beyond mere speculation—that would establish the existence of a city or county

The Court concludes with a word of caution. While the Court is tolerant of legal filings from *pro se* litigants, its tolerance has limits. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct that wastes judicial resources and impairs their ability to carry out Article III functions. *See Douglas v. Cleveland*, 1:12-cv-1145 2012 WL 4753365, at *7 (N.D. Ohio Oct. 4, 2012) (citation omitted). Toward that end, Washington is warned that should he persist in filing duplicative frivolous motions, or re-asserting arguments that have been addressed and rejected, the Court may consider placing him on Restricted Filer status.

For the foregoing reasons, Washington's second motion to amend (Doc. No. 13) and second motion for relief from judgment (Doc. No. 14) are denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: November 4, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

policy or a failure to train that has resulted in a constitutional violation; or (2) demonstrate that the judicial defendants are not entitled to absolute immunity. Because the proposed amended complaint would not survive a Rule 12(b)(b) motion to dismiss, any amendment would be futile and the motion to amend would have been denied. *See Springs v. U.S. Dep't Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014) (holding that a motion for leave to amend may be denied if, among other reasons, the "amendment of the complaint would be futile"). For the reasons already stated, the Court would also deny the motion on the basis that Washington unduly delayed in filing it. *See id*. (identifying "undue delay" as a reason for denying a Rule 15(a) motion to amend).